# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**NANCY JACOBSEN, on behalf of herself
and those similarly situated,**

               **Plaintiffs,**

**-vs-**                                              **Case No. 6:11-cv-919-Orl-28KRS**

**KATMANDO SERVICES, INC., RONALD
CHESHIRE,**

               **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following notice filed herein:

> **MOTION:** **NOTICE OF ACCEPTANCE OF DEFENDANTS' OFFER OF JUDGMENT (Doc. No. 17)**
>
> **FILED:** October 5, 2011

## I. PROCEDURAL HISTORY.

Plaintiff Nancy Jacobsen filed a complaint against Defendants Katmando Services, Inc. and Ronald Cheshire alleging that Defendants failed to pay her overtime compensation required under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*. Doc. No. 1.[1] Jacobsen has accepted an Offer of Judgment tendered by the Defendants. The matter is before the Court to

---

[1] Although Jacobsen asserted a claim on behalf of herself and others, no other individuals have filed consents to join the case.

determine whether the resolution of the case as provided for in the Offer of Judgment is a fair and reasonable resolution of the dispute as required by *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982).

## II.  ANALYSIS.

In her answers to the Court's interrogatories, Jacobsen averred that she was owed $3,116.12 in overtime compensation and an equal amount in liquidated damages.  Doc. No. 14 at 4.  Under the Offer of Judgment, Jacobsen will receive $6,232.24 inclusive of attorney's fees and costs.  Doc. No. 17.  However, Jacobsen's counsel represents that he is not seeking an award of attorney's fees and costs from the Offer of Judgment amount or otherwise. Doc. No. 17 at 1.  Therefore, the amount Jacobsen will receive is the total amount of FLSA overtime compensation and liquidated damages arguably due to her.  Under these circumstances, the FLSA claim was not compromised.

Accordingly, I recommend that the Court find that the judgment is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1355.

## III.  RECOMMENDATION.

Based on the foregoing, I respectfully recommend that the Court do the following:

1. **FIND** that the resolution of the case is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions," *Lynn's Food Stores*, 679 F.2d at 1355;

2. **PROHIBIT** counsel for Plaintiff from collecting any attorney's fees or costs from Plaintiff;

3. **DIRECT** counsel for Plaintiff to provide a copy of the Court's Order to Plaintiff;

4. **DISMISS** the case with prejudice; and,

5. **DIRECT** the Clerk to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 13, 2011.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy